[Crim. No. 241. First Appellate District.—May 16, 1910.]

## THE PEOPLE, Respondent, v. ALPHONSE BORDET, Appellant.

CRIMINAL LAW—PLACING WIFE IN HOUSE OF PROSTITUTION—CONVICTION—INSUFFICIENT BRIEF UPON APPEAL.—Where, upon appeal from a judgment of conviction of a charge that defendant placed his wife in a specified house of prostitution and permitted her to remain there, appellant in his brief merely states that defendant was convicted on the uncorroborated testimony of his wife, which was contradicted in every particular, and "it then became a question of veracity for the jury to determine," and then merely states that "the evidence presented by the people was insufficient to justify the verdict," without pointing out in any way, nor at all, as to what the evidence was or the respects wherein it was insufficient, it is not the duty of this court to consider the sufficiency of the evidence, but it will regard it as sufficient.

ID.—EVIDENCE OF WIFE — OBJECTION TO QUESTION SUSTAINED OVERCOME BY SUBSEQUENT ANSWER.—Where the wife testified that her husband went with her first to a neighboring house, the woman in which went with them to the house of prostitution, an objection sustained to a question as to what conversation took place in the first house was overcome by subsequent answer, that she had no conversation with any person at that first house.

ID.—EXAMINATION OF DEFENDANT—LEAVING CHILDREN IN CARE OF SOCIETY—STATEMENT REGARDING WIFE—PROPER EXCLUSION.—Where, upon defendant's examination after testifying that he placed his children in care of the Society for the Prevention of Cruelty to Children, a question as to what statement he then made to them respecting his wife was properly excluded, where nothing appeared to show its materiality; and any self-serving declaration made by him at that time to third parties would not be admissible.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George H. Cabaniss, Judge.

William Tomsky, for Appellant.

U. S. Webb, Attorney General, C. M. Fickert, District Attorney, and James F. Brennan, Assistant District Attorney, for Respondent.

COOPER, P. J.—The defendant was charged in the information with the crime of felony in willfully and feloniously placing and leaving his wife in a certain house of prostitution known and designated as No. 50 Bartlett alley, situated in the city and county of San Francisco, and with permitting his wife to remain in said house. To the information he entered a plea of not guilty, and after the evidence was in the jury returned a verdict finding him guilty as charged in the information. Judgment was accordingly entered upon said verdict, and this appeal is prosecuted from the judgment and from the order denying defendant's motion for a new trial. The case comes here upon the judgment-roll and a bill of exceptions.

The defendant's counsel in his brief states that the defendant was convicted upon the uncorroborated testimony of his wife, and that the said testimony was contradicted in every material particular, and "it then became a question of veracity for the jury to determine." The brief then states: "The evidence presented by the people was insufficient to justify the verdict." No other or different argument is made in regard to the insufficiency of the evidence, nor is it pointed out in any way, nor at all, as to what the evidence was or the respects wherein it was insufficient. In such case we do not deem it our duty to consider the sufficiency of the evidence, but will regard it as sufficient.

The wife of the defendant testified that her husband went with her after telling her the place where she could find employment, and that she first went with her husband to 46 Bartlett alley, and that she found that it was not the right house, and the woman at 46 Bartlett alley accompanied her to No. 50, where she talked to the woman at No. 50. She was

then asked by defendant the following question: "Now, what conversation, if anything, did you have with the lady living at No. 46?" This question was objected to by the district attorney, and the objection was sustained. It is claimed that the court erred in sustaining the objection to this question. It appears by an examination of the record that in answer to the question immediately following the witness answered that she had no conversation with any person at No. 46 prior to the time she went to No. 50. Therefore, if the question was material, it was afterward answered by the witness that she had no such conversation.

It is also urged that the court erred in sustaining an objection made to the following question asked of the defendant by his counsel when he was upon the stand: "Did you make a statement to them there regarding your wife?" The question had reference to the fact that defendant had taken his children to or permitted them to be placed in care of the Society for the Prevention of Cruelty to Children, and that he went there and had some conversation with regard to his children and his wife. Nothing was said in reference to the character of the statement that was made by defendant, or what was the object of it, and we are not told in the brief. By an examination of the record we cannot determine that the question related to a material matter. Any self-serving declaration made by defendant at that time to third parties would not be admissible.

There is no other error complained of, and hence it follows that the judgment and order must be affirmed, and it is so ordered.

Kerrigan, J., and Hall, J., concurred.